UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO FERNANDEZ, *et al*, § § § Plaintiffs, § vs. § CIVIL ACTION NO. H-10-cv-04601 § SCOTTSDALE INSURANCE COMPANY, *et* § *al*, § § Defendants. § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

### I. INTRODUCTION

Pending before the Court is the plaintiffs', Antonio Fernandez and Gloria Fernandez (the "plaintiffs"), motion to remand and supporting memorandum (Dkt. No. 7). The defendants, Scottsdale Insurance Company ("Scottsdale"), Wardlaw Claims Service, Inc. ("Wardlaw"), William Bradford Jones ("Jones"), and Kenneth Bentley ("Bentley") (collectively, the "defendants") have filed responses in opposition to the plaintiff's motion (Dkt. Nos. 9 & 11, respectively) and the plaintiffs have filed reply (Dkt No. 13). Having carefully considered the motion, responses, reply and the applicable law, the Court is of the opinion that the plaintiffs' motion to remand should be GRANTED. The above-styled and numbered civil action is, therefore, REMANDED, pursuant to 28 U.S.C. § 1447(c), to the 11th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2010-55352.

### II. FACTUAL BACKGROUND

The plaintiffs, both residents of Harris County, Texas, are the owners of a homeowners' insurance policy (the "Policy") issued by Scottsdale, insuring the real property located at 1840 Ojeman, Houston, Harris County, Texas 77080 (the "property"). The policy was in effect at the

time Hurricane Ike traveled through Harris County, Texas, causing severe damage to several commercial and residential properties throughout the Gulf-coast region, including the plaintiffs' property.

Shortly after the hurricane, the plaintiffs filed a claim against the policy for roof damage, structural damage, water damage and wind damage. The plaintiffs requested that Scottsdale cover the cost of repairs to the property pursuant to the Policy. Scottsdale assigned Wardlaw to adjust the plaintiffs' claim. Thereafter, Bentley and Jones were assigned as individual adjusters on the claim by Scottsdale and/or Wardlaw. The plaintiffs contend that Jones performed a cursory inspection and investigation relative to their damages and undervalued their claim. They further contend that Scottsdale failed and refused to adequately compensate them for damages covered under the Policy.

On September 2, 2010, the plaintiffs filed an action in the 11th Judicial District Court of Harris County, Texas, against Scottsdale, Wardlaw, Jones and Bentley (collectively, the "defendants"), alleging that their claim for repairs of the property, occurring as a result of Hurricane Ike, was improperly handled and wrongfully denied. Specifically, they allege causes of action against the defendants jointly for common law fraud and conspiracy to commit fraud. As to Jones and Bentley, individually and Wardlaw, they allege causes of action for unfair settlement practices under §§ 541.060(a)(1), 541.060(a)(2)A, 541.060(a)(3), 541.060(a)(4) and 541.060(a)(7) of the Texas Insurance Code. As to Scottsdale only, they allege causes of action for breach of contract, unfair settlement practices under § 541.060 of the Texas Insurance Code, breach of the prompt payment provisions of the Texas Insurance Code, § 542.051 *et seq.*, and breach of the duty of good faith and fair dealing.

Scottsdale, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, eventually removed the state-court action to this Court on the basis of diversity jurisdiction, asserting that Wardlaw and Jones, both non-diverse defendants, had been improperly joined as defendants in the action. The plaintiffs, in response, filed the instant motion to remand, alleging that removal of this case was improper in that Wardlaw and Jones were not improperly joined as defendants in this action and complete diversity of citizenship is non-existent among the parties. Accordingly, the plaintiffs urge this Court to remand the instant action to the state court in which it was originally filed.

### III. CONTENTIONS OF THE PARTIES

#### A. The Plaintiffs' Contentions

The plaintiffs assert that Scottsdale's removal of this case was improper because the Court lacks subject matter jurisdiction over this action since complete diversity of citizenship does not exist among the parties. They maintain that Wardlaw and Jones, both Texas defendants, are properly joined in this case and that sufficient facts have been alleged against them to state a viable claim under state law. They further argue that Scottsdale's contention that Wardlaw and Jones were added to this lawsuit solely for the purpose of depriving this Court of federal jurisdiction is without merit. Accordingly, they assert that Scottsdale has failed to meet its heavy burden of proving improper joinder and this case should be remanded to the state court in which it was originally filed.

#### B. Scottsdale's Contentions

Scottsdale argues that removal of the instant action to federal court was proper because no reasonable basis exists for predicting that the plaintiffs can recover against Wardlaw and/or Jones given the lack of specific facts supporting the causes of action alleged against them. It further avers that the plaintiffs have failed to allege facts demonstrating that Wardlaw and Jones

committed any violation that may have caused them any harm. Specifically, with respect to the plaintiffs' causes of action under the Texas Insurance Code, Scottsdale contends that their allegations are conclusory and constitute nothing more than a verbatim recitation of the statutory language contained in the Texas Insurance Code. As to the plaintiffs' causes of action for fraud, Scottsdale contends that the plaintiffs have failed to plead their claims with sufficient particularity. Consequently, Scottsdale argues that Wardlaw and Jones have been improperly joined in this lawsuit for the sole purpose of defeating diversity and depriving this Court of subject matter jurisdiction. Thus, Scottsdale contends that this Court should disregard Wardlaw and Jones' citizenship for purposes of determining diversity jurisdiction and deny the plaintiffs' motion to remand.

## IV.    STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L. Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28

U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005). Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that Wardlaw and Jones are Texas residents, thus the Court's analysis will focus only on the second prong of this test. Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647 – 48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 - 309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309. This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49). The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

V.     ANALYSIS AND DISCUSSION

The plaintiffs argue that remand in this case is appropriate because complete diversity of citizenship is non-existent among the parties.  The parties do not dispute that the amount in controversy has been satisfied or that the defendants Wardlaw and Jones are Texas residents.  Thus, absent a showing that Wardlaw and Jones were improperly joined, subject matter jurisdiction in this case is lacking.  *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d at 307 - 08.  Accordingly, here, the improper joinder issue turns on whether the plaintiffs can establish *any potentially* viable state-law cause of action against Wardlaw and/or Jones.

In this case, Scottsdale does not contest that it is possible to maintain a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity.  *See*, e. g., *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard v. State Farm Llovds*, 206 F. Supp.2d 840, 845 (S.D. Tex. 2001) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)).  It contends, rather, that the plaintiffs have failed to set forth any specific facts in support of their claims against Jones and/or Wardlaw and have failed to make the required "factual fit" between their asserted theories of recovery and their allegations.  As a consequence, it argues that there is no reasonable possibility of recovery against Wardlaw and/or Jones based on the facts alleged by the plaintiffs in their Original Petition.  This Court disagrees.

The Fifth Circuit, in *Smallwood*, sanctioned a Rule 12(b)(6)-type assessment as the preferred method for determining a plaintiff's possibility of recovery under state law.  *Smallwood*, 385 F.3d at 573.  Under this type of inquiry, a petition "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 – 65, 167 L. Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* (internal citations omitted).

Having found that insurance adjusters are generally subject to liability under the Texas Insurance Code, the Court must now determine whether Wardlaw and/or Jones, were "persons" engaged in the insurance business with respect to the plaintiffs' claims against them. *See Garrison Contractors*, 966 S.W.2d at 487 (reasoning that "section 16 of Article 21.21[1] provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F. Supp.2d 643, 648 (S.D. Tex. 2002) (noting that "[a]lthough the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims.") In this case, it is undisputed that Wardlaw and/or Jones adjusted the plaintiffs' claim on Scottsdale's behalf. As Scottsdale's adjusters, Wardlaw and/or Jones were tasked with the responsibility of evaluating the plaintiffs' claim in terms of legitimacy and value. Accordingly, Wardlaw and/or Jones are "persons" subject to liability under Chapter 541 of the Texas Insurance Code since claims adjusters qualify as "persons" engaged in the business of insurance. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007).

---

[1] "Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive." *Garrison Contractors*, 966 S.W.2d at 484 (citing TEX. INS. CODE art. 21.21 § 16(a)). Article 21.21 has since been repealed. The pertinent parts of § 16 are currently codified at § 541.060 of the TEX. INS. CODE.

Next, the Court must determine whether the plaintiffs have alleged *any potentially* viable cause of action against Wardlaw and/or Jones as a result of their work as adjusters with respect to the plaintiffs' claim. The Fifth Circuit has explained, however, that to establish a reasonable possibility that a Texas state court would permit recovery against an employee-adjuster for claims alleged under the Texas Insurance Code, the plaintiffs must demonstrate that "the employee, *himself*, committed a violation that caused the harm. *Hornbuckle*, 385 F.3d at 545. Particularly, in their Original Petition, the plaintiffs assert, *inter alia*, the following allegations against Wardlaw and Jones:

> Defendant Scottsdale assigned Defendant Wardlaw to adjust the [plaintiffs'] claim. Defendant Wardlaw and/or Defendant Scottsdale then assigned Defendants Jones and Bentley as the individual adjusters on the claim. Defendant Bentley assigned Plaintiffs' claim to Jones. On September 26, 2008, Jones visited Plaintiffs' residence to inspect for damages. Jones spent a mere 15 minutes conducting his inspection and did not conduct a thorough investigation of hurricane damage. He did not even get on the roof. Jones' estimate failed to include all the damages to the residence, underestimated the severity of the damage, undervalued the cost of repairs to the damaged property, and underpaid the Plaintiffs' claims, thereby denying properly covered damages.

(Docket Entry No. 7, Ex. A at ¶ 19.). Additionally, with regard to their claims under § 541.060 of the Tex. Ins. Code, the plaintiffs allege that Jones and Bentley, as individual claims adjusters, committed the following unfair settlement practices:

> 23. misrepresented to [them] that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. . . .;
>
> 24. failed to make an attempt to settle Plaintiffs' claim in a fair manner, [despite being] aware of their liability to Plaintiffs under the Policy;
>
> 25. failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. . . . failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. . . . did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, . . . . ;

Case 4:10-cv-04601 Document 19 Filed in TXSD on 05/26/11 Page 10 of 12

26. failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing . . . .; and

27. refused to fully compensate Plaintiffs under the terms of the Policy, even though [they] failed to conduct a reasonable investigation. Specifically, [Wardlaw and Jones] performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. . . .;

(Docket Entry No. 7, Ex. A at ¶¶ 23 - 27.) Regarding their claim for fraud, the plaintiffs allege that Wardlaw and Jones "knowingly or recklessly made false representations, . . . , as to material facts and/or knowingly concealed all of part of material information from [them]." *Id.* at ¶ 32. Finally, the plaintiffs aver that their "damages are a direct result of [Wardlaw and Jones'] mishandling of [their] claim." *Id.* at ¶ 69.

In sum, the plaintiffs allege in their Original Petition that: (1) their property was damaged as a result of Hurricane Ike; (2) their property was insured at all material times hereto under a Policy issued by Scottsdale; (3) Scottsdale assigned Wardlaw, Bentley and/or Jones to adjust their claim and inspect their property; and (4) Wardlaw and/or Jones allegedly mishandled their claim, by *inter alia*, failing to fulfill their duties in the manner prescribed by the Texas Insurance Code, including misrepresenting the extent of the Policy's coverage, failing to attempt a fair settlement, failing to explain Scottsdale's reasons for offering an inadequate settlement and/or a denial of full payment. Based on these allegations, the plaintiffs allege that Wardlaw and/or Jones' conduct amounts to violations of the Texas Insurance Code for which they could be held liable.

When resolving all factual disputes and ambiguities in the plaintiffs' favor as this Court is required to do, the Court determines that the plaintiffs' assertions tend to suggest that Wardlaw, Bentley and/or Jones, while acting as "persons" engaged in the business of insurance, performed

10 / 12

and/or contributed in some way to Scottsdale's investigation and/or decision relative to their claim. Assuming such, Wardlaw and/or Jones could *potentially* be held personally liable to the plaintiffs under § 541.060 of the Texas Insurance Code.[2] Indeed, while the facts presented do not indisputably establish that Texas law will impose liability on Wardlaw and/or Jones for the causes of action alleged, the plaintiffs are not required to make such a showing at this stage of the litigation. Instead, it is Scottsdale's heavy burden to establish with certainty that the plaintiffs have *no reasonable possibility* of recovery against Wardlaw and/or Jones. Scottsdale has provided this Court with no such evidence from which it could forecast that the plaintiffs have *no* reasonable possibility of recovery against Wardlaw and/or Jones in state court. For these reasons, the Court finds that Scottsdale has not satisfied its burden of establishing that Wardlaw and/or Jones were improperly joined in this lawsuit and remand is, therefore, warranted.

## VI.   CONCLUSION

Because Scottsdale has not shown that there exists *no reasonable possibility* that the plaintiffs could establish a cause of action against Wardlaw and/or Jones under the Texas Insurance Code, the Court concludes that it has not met its heavy burden of demonstrating improper joinder on the facts alleged in this case. In light of the foregoing, the shared citizenship of Wardlaw, Jones and the plaintiffs defeats diversity and prevents this Court from exercising jurisdiction over the instant action. Accordingly, the plaintiffs' motion to remand is GRANTED. This civil action is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the 11th Judicial

---

[2] Since the Court finds that a possibility exists that the plaintiffs may be able to maintain a cause of action against Wardlaw and/or Jones under the Texas Insurance Code, it does not consider whether the plaintiffs have alleged actionable facts against Wardlaw and/or Jones for fraud.

and/or contributed in some way to Scottsdale's investigation and/or decision relative to their claim. Assuming such, Wardlaw and/or Jones could *potentially* be held personally liable to the plaintiffs under § 541.060 of the Texas Insurance Code.[2] Indeed, while the facts presented do not indisputably establish that Texas law will impose liability on Wardlaw and/or Jones for the causes of action alleged, the plaintiffs are not required to make such a showing at this stage of the litigation. Instead, it is Scottsdale's heavy burden to establish with certainty that the plaintiffs have *no reasonable possibility* of recovery against Wardlaw and/or Jones. Scottsdale has provided this Court with no such evidence from which it could forecast that the plaintiffs have *no* reasonable possibility of recovery against Wardlaw and/or Jones in state court. For these reasons, the Court finds that Scottsdale has not satisfied its burden of establishing that Wardlaw and/or Jones were improperly joined in this lawsuit and remand is, therefore, warranted.

## VI.   CONCLUSION

Because Scottsdale has not shown that there exists *no reasonable possibility* that the plaintiffs could establish a cause of action against Wardlaw and/or Jones under the Texas Insurance Code, the Court concludes that it has not met its heavy burden of demonstrating improper joinder on the facts alleged in this case. In light of the foregoing, the shared citizenship of Wardlaw, Jones and the plaintiffs defeats diversity and prevents this Court from exercising jurisdiction over the instant action. Accordingly, the plaintiffs' motion to remand is GRANTED. This civil action is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the 11th Judicial

---

[2] Since the Court finds that a possibility exists that the plaintiffs may be able to maintain a cause of action against Wardlaw and/or Jones under the Texas Insurance Code, it does not consider whether the plaintiffs have alleged actionable facts against Wardlaw and/or Jones for fraud.

District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2010-55352.

It is so **ORDERED**.

SIGNED at Houston, Texas this 26th day of May, 2011.

_____
Kenneth M. Hoyt
United States District Judge